| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA CHARLESTON DIVISION | CIVIL ACTION NO.: 2:24-cv-03420-RMG |
| LORIE BENJAMIN and YOLANDA BENJAMIN, <br><br>Plaintiffs, <br><br>vs. <br><br>THE UNITED STATES, <br><br>Defendant. | **COMPLAINT** <br><br> **(AUTO TORT)** |

The Plaintiffs would respectfully show unto the Court that:

The Plaintiffs, Lorie Benjamin and Yolanda Benjamin, by counsel, moves this Honorable Court for a judgment and award of execution against the United States, hereinafter referred to collectively as the Defendant, in the sum of FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00) for Plaintiff Lorie Benjamin's injuries and damages, and ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($125,000.00) for Plaintiff Yolanda Benjamin's injuries and damages for the following, to-wit:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendants acting under color of federal law. This court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of

employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act, hereinafter "FTCA", codified as 28 U.S.C. § 2671, *et seq.*

3. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and has exhausted administrative remedies made under the FTCA evidenced by Defendant's failure to settle or deny relief to Plaintiffs within the six-month statutory period after receipt of written notice via sending a SF-95 form to the Department of the Navy, which is the appropriate government agency, in accordance with 28 U.S.C. § 2675 (a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## **FACTUAL BACKGROUND**

5. At all times relevant to this action, the Plaintiffs were not members of the armed forces, nor did they work for the military in any capacity at the time of injury.

6. At all times relevant to this action, the Plaintiffs are residents of Berkeley County, South Carolina.

7. That the parties were involved in an automobile collision in Berkely County, South Carolina on August 6th, 2022.

8. On or about August 6th, 2022, Plaintiffs were lawfully occupying a motor vehicle owned by Plaintiff Lorie Benjamin, and operated by her sister Yolanda Benjamin at the time they were traveling in an easterly direction on Snake Road in the City of Goose Creek, South Carolina.

9. At that time and place, Jaron Donald Green, an agent/employee of the Defendant was operating a motor vehicle directly behind the Plaintiffs, also in an easterly direction on Snake Road in the City of Goose Creek, South Carolina.

10. Jaron Donald Green is employed by the U.S. Department of the Navy, which is a government agency of the United States Government and a military department within the Department of Defense.

11. Jaron Donald Green was then operating within the scope and capacity as an agent/employee of the defendants at all times relevant to this action.

12. At that time and place, it was the duty of the defendant's agent to keep their vehicle under proper control.

13. Notwithstanding said duties, the Defendant's agent failed to keep a proper lookout, failed to apply the brakes in time to avoid collision, was following the plaintiff's vehicle too closely and was otherwise negligent in other respects, and as a result of the defendant's agent's negligence, their vehicle struck the plaintiff's vehicle in the rear.

14. The FTCA provides that the law of the state where the act or omission occurred determines the liability of the United States pursuant to 28 U.S.C. § 1346 (b).

15. The collision occurred because of the careless, negligent, and reckless operation of the vehicle operated by the defendant, and, as a result of the defendant's negligence, the Plaintiffs were injured and had to seek medical treatment for their injuries.

## FOR A FIRST CAUSE OF ACTION
### Against All Defendants
### (Negligence)

16. Plaintiffs hereby repeat and realleges as if verbatim paragraphs 1-15.

17. At the time of the collision, Defendants owned the motor vehicle that struck Plaintiff's motor vehicle, and had actual and constructive control of their agent and the motor vehicle that struck Plaintiff.

18. Defendant's agent owed Plaintiffs the duty to operate their motor vehicle safely with reasonable care, and in accordance with all applicable laws concerning the operation of his vehicle at all times relevant to this collision.

19. Defendant's agent was negligent, reckless, willful and wanton in one or more of the following particulars in the instant matter:

   a. In failing to maintain proper lookout;

   b. Failing to maintain proper distance when following behind Plaintiff's vehicle;

   c. Failing to yield the right of way to Plaintiff's vehicle;

   d. Defendant's agent breached their duty under SC Code Section 56-5-2350 which statutes "The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed."

   e. Defendant's agent breached their duty under SC Code 56-5-1930 which statutes "The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

20. The Defendant's agent's careless, negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the motor vehicle collision and the resulting injuries and damages to Plaintiffs Lorie and Yolanda Benjamin.

21. As a direct and proximate result of the negligence of the defendant's agent as aforesaid, Plaintiff Lorie Benjamin has suffered and will in the future continue to suffer great pain and mental anguish; she has suffered the following:

    a. Complications to her Automatic Implantable Cardioverter Defibrillator (AICD), including feeling a repeated shocking sensation, beginning immediately after the automobile collision;

    b. Complications relating to Plaintiff's cervical spine, including spasms and tenderness;

    c. Complications relating to her neck, left shoulder, and left arm including a decreased range of external and internal motion, strength, flexibility, joint mobility, soft tissue mobility, and increased pain.

    d. Plaintiff has incurred hospital and medical expenses in an attempt to cure herself of said injuries and will in the future incur hospital and medical expenses in an effort to cure herself of these injuries;

    e. Plaintiff has suffered permanent injuries along with greater functional impairment;

    f. Plaintiff has sustained lost wages and has suffered a lessening of her earning capacity;

    g. Plaintiff has sustained property damage and has incurred a diminution of the value of her property;

22. As a direct and proximate result of the negligence of the defendant as aforesaid, Plaintiff Yolanda Benjamin suffered injuries to her cervical spine, head, and neck. She reported experiencing increased pain in these affected areas and sought medical treatment to remedy the pain from her injuries.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for actual and compensatory damages in the amount of FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00) for Plaintiff Lorie Benjamin's injuries and ONE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($125,000.00) for Plaintiff Yolanda Benjamin's injuries, the costs of these actions, and for such other further relief as the Court may deem just proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

                    MCCOY LAW FIRM, LLC

                    _____

                    Timothy D. McCoy (S.C. Bar No. 3759)
                    Attorney for Plaintiffs
                    Post Office Box 1247
                    Johns Island, South Carolina 29455
                    843-569-8666

June 7, 2024